# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 31, 2022

```
* * * * * * * * * * * * * * *
SHARON KABELITZ,                    *      No. 17-466V
                                    *
             Petitioner,            *      Special Master Sanders
                                    *
v.                                  *
                                    *
SECRETARY OF HEALTH                 *      Dismissal; Insufficient Proof; Influenza
AND HUMAN SERVICES,                 *      ("Flu") Vaccine; Shoulder Injury Related to
                                    *      Vaccine Administration ("SIRVA")
                                    *
             Respondent.            *
* * * * * * * * * * * * * * *
```

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
*Adriana R. Teitel,* U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL[1]

On March 31, 2017, Sharon Kabelitz ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on November 5, 2015. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On February 17, 2022, I issued a Fact Ruling determining that Petitioner has not provided preponderant evidence that her shoulder injury manifested within forty-eight hours after her vaccination. Fact Ruling at 1, ECF No. 67. On May 19, 2022, Petitioner filed a motion for a decision dismissing her petition. ECF No. 73. Petitioner stated that the record is now complete. *Id.* at 1. Respondent does not object to Petitioner's motion. *Id.* at 2.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed a supportive opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.